**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **COMMUNITY SOUTH BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 07-789-GPM** |
| | ) | |
| **QUIP INDUSTRIES, INC., JAMES F.** | ) | |
| **BOLK, and TIMOTHY J. BOLK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JUDGMENT DECREE AND ORDER DIRECTING SALE

**MURPHY, District Judge:**

For the reasons set forth on the record at the July 28, 2008, hearing, the Court **GRANTS**

Plaintiff Community South Bank's motion for summary judgment pursuant to Federal Rule of Civil

Procedure 56(a).[1] Judgment is entered in favor of Plaintiff and against Defendants Quip Industries,

Inc., James F. Bolk, and Timothy J. Bolk, as set forth below.

The Court makes the following findings:

1.      The Court has federal subject matter jurisdiction over this action pursuant to

28 U.S.C. § 1332(a). Plaintiff, Community South Bank, is a Tennessee corporation

with its principal place of business in Tennessee; Defendant Quip Industries, Inc.,

is a Delaware corporation with its principal place of business in Illinois; Defendant

---

[1] After the hearing, the Court directed Plaintiff's counsel to submit a proposed order outlining the current amount of indebtedness. The proposed document was quite problematic both in style and content. After considerable editing, the Court has omitted much legalese while including the basic information Plaintiff's counsel proposed as necessary.

James F. Bolk is a citizen of Illinois; and Defendant Timothy J. Bolk is a citizen of Illinois. The amount of mortgage sought to be foreclosed is $1,865,000.00, so the amount in controversy requirement is easily met.

2.   All material allegations of the complaint are proven, and the allegations are supported by affidavit setting forth the amount now due in accordance with 735 ILCS 5\15-1506(a)(2) (*see* Doc. 21-2, Exhibit A). Moreover, the mortgage (hereinafter the "Mortgage") and security foreclosed are filed with the Court (*see* Doc. 21-2, Exhibit D).

3.   The deemed allegations of the Complaint, as provided for by 735 ILCS 5/15-1504(c) have been proved, and the Court further finds as follows:

   a.   On the date indicated in the Complaint, the obligor of the indebtedness secured by the Mortgage was justly indebted in the amount of the indicated original indebtedness to Community South Bank.

   b.   The exhibits attached to the Complaint are true and correct copies of the Mortgage and Note.

   c.   The mortgagor was, at the date indicated in the Complaint, owner of the fee interest in the real estate described in the Complaint (hereinafter "Real Estate") and as of that date made, executed, and delivered the Mortgage as security for the Note (attached as Exhibit C to the Complaint).

   d.   The Mortgage was recorded in Clinton County, Illinois, on the date indicated, as Document No. 2005r04491.

   e.   The mortgagor defaulted in its obligations and performances under the Note

and Mortgage as indicated in the Complaint and pursuant to the affidavits attached to Community South Bank's motion for summary judgment.

f.   Quip Industries, Inc. is the owner of the fee simple interest in and to the Real Estate described.

g.   The Mortgage constitutes a valid and subsisting lien upon the mortgaged Real Estate legally described in the Complaint and below, which lien is prior and superior to the right, title, interest, claim, or lien of all parties whose interests in the mortgaged real estate are terminated by this foreclosure.

h.   By reason of the defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise by Plaintiff of a right of acceleration or power to declare immediately due and payable the whole of all indebtedness secured by the Mortgage.

i.   Any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

j.   Any and all periods of grace or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

k.   The amounts of principal and interest indicated to be due along with the real estate tax and other advances made or to be made by Plaintiff or owner of the mortgage the same constitute additional indebtedness secured by the Mortgage.

4.    Plaintiff has been compelled to advance or will be compelled to advance, various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, costs of procuring and preparing documentary evidence, and costs of procuring Minutes of Foreclosure and a Title Insurance Policy.

5.    Under the terms of the Mortgage, all such advance costs, attorneys' fees, and other fees, expenses, and disbursements are made a lien upon the mortgaged Real Estate, and Plaintiff is entitled to recover all such advances, costs, attorneys' fees, expenses, and disbursements, together with interest on all advances at the rate provided in the Mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

6.    In order to protect the lien of the Mortgage, it may become necessary for Plaintiff to pay taxes, penalties, and assessments, which have been and will be levied upon the mortgaged Real Estate.

7.    In order to protect and preserve the mortgaged Real Estate, it has or will become necessary for Plaintiff to pay fire and other hazard insurance premiums on the real estate or to make such repairs to the real estate as may reasonably be deemed necessary for the proper preservation thereof.

8.    Under the terms of the Mortgage, any money so paid or expended has or will become an additional indebtedness secured by the Mortgage and will bear interest from the date such monies are advanced at the rate provided in the Mortgage, or, if no rate is provided, at the statutory judgment rate.

9.    The equities in this cause are with Plaintiff as the holder of the Note secured by the

Mortgage, and Plaintiff is entitled to a Judgment of Foreclosure in accordance with

the prayer of the Complaint, including foreclosure of the mortgage on the real estate.

At this time Plaintiff is owed the following amounts:

| | |
|---|---:|
| Principal Balance | $1,811,571.81 |
| Accrued interest through July 29, 2008 | $205,169.73 |
| Late Fees | $3,551.84 |
| Filing Fee (Complaint) | $350.00 |
| Recording - Lis Pendens | $41.00 |
| Service of Summons | $139.00 |
| Force placed insurance | $26,149.80 |
| Minutes of Foreclosure | $425.00 |
| Later-date title searches | $150.00 |
| Attorneys' Fees | $23,400.00 |

*TOTAL:* **$2,070,948.18**

10.   The rights and interest of all the parties to this cause are inferior and subordinate to

the lien of Plaintiff. Any other party claiming an interest in the Real Estate or the

proceeds of the judicial sale of the mortgaged real estate is deferred in proving its

priority until the hearing to confirm the sale.

11.   The sum of attorneys' fees allowed herein is the fair, reasonable, and proper fee in

accordance with the terms of the Note and Mortgage given to Plaintiff by said

mortgagor, which fees have been added to and become a part of the indebtedness due

to Plaintiff secured by the Mortgage effective retroactively to the date of the

recording of the Mortgage pursuant to 735 ILCS 5/15-1302(b)(5).

12.   The right to redeem the Real Estate from foreclosure shall expire three months from

the date of entry of this order pursuant to 735 ILCS 5/15-1603(b)(2).

13.    In default of full and timely payment of the amount required for the exercise of the

right of redemption in accordance with this Order, the mortgaged Real Estate shall

be sold to satisfy the amounts due Plaintiff as provided herein.

14.    The real estate herein referred to and the improvements and fixtures thereon directed

to be sold is legally described as follows:

**PART OF LOTS 193 THRU 195 OF BLOCK 19, PART OF LOTS 196 THRU 200 OF BLOCK 20, PART OF LOTS 201 THRU 204 OF BLOCK 21, PART OF VACATED FIRST, SECOND, AND METHODIST STREETS IN LOWER CARLYLE AND PART OF THE NORTHWEST QUARTER OF SECTION 19, TOWNSHIP 2 NORTH, RANGE 2 WEST OF THE THIRD PRINCIPAL MERIDIAN, CLINTON COUNTY, ILLINOIS, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT AN IRON PIN AND CAP MARKING THE SOUTHEAST CORNER OF LOT 195 OF SAID BLOCK 19; THENCE WESTERLY ALONG THE SOUTH LINE OF SAID BLOCK 19 HAVING AN ASSUMED BEARING OF S.87-38'-25"W. 180.00 FEET TO AN IRON PIN AND CAP MARKING THE SOUTHWEST CORNER OF LOT 193 OF SAID BLOCK 19; THENCE N. 02-27'-02" W. ALONG THE WEST LINE OF SAID LOT 193 A DISTANCE OF 132.27 FEET TO AN IRON PIN AND CAP MARKING THE INTERSECTION OF THE EXTENDED WEST LINE OF SAID LOT 193 AND THE SOUTH RIGHT-OF-WAY LINE OF C.S.X. RAILROAD; THENCE N. 89-59'-16" E. ALONG SAID SOUTH RIGHT-OF-WAY LINE 833 FEET MORE OR LESS TO THE WEST LOW WATER LINE OF THE KASKASKIA RIVER THENCE S. 13-50'-14" E. ALONG SAID WEST LOW WATER LINE 307 FEET MORE OR LESS TO THE EXTENDED NORTH LINE OF A VACATED 20 FEET WIDE ALLEY IN SAID BLOCK 21; THENCE S. 87-43'-58" W. ALONG SAID EXTENDED NORTH LINE 528 FEET MORE OR LESS TO AN IRON PIN AND CAP MARKING THE SOUTHEAST CORNER OF LOT 204 OF SAID BLOCK 21; THENCE N. 02-39'-46" W. ALONG THE EAST LINE OF SAID LOT 204 A DISTANCE OF 75.02 FEET TO AN IRON PIN AND CAP; THENCE N. 47-27'55" W. 85.36 FEET TO AN IRON PIN AND CAP ON THE SOUTH RIGHT-OF-WAY LINE OF VACATED METHODIST STREET MARKING THE NORTHWEST CORNER OF SAID LOT 204;THENCE S. 87-44'-42" W. ALONG SAID SOUTH RIGHT-OF WAY LINE OF VACATED SECOND STREET MARKING THE NORTHEAST CORNER OF LOT 206 OF BLOCK 22OF LOWER**

**CARLYLE; THENCE N. 01-02'-26" W. ALONG SAID EAST RIGHT-OF-WAY LINE 66.05 FEET TO THE POINT OF BEGINNING. CONTAINING 4.90 ACRES, MORE OR LESS.**

**P.I.N. 08-08-19-181-004, 08-08-19-182-001, 08-08-19-183-005**

**COMMON ADDRESS: 191 Methodist Street, Carlyle, IL 62231**

In the event Plaintiff or any other party is the purchaser of the mortgaged real estate at such sale, Plaintiff may offset against the purchase price of such real estate the amounts due under any Judgment of Foreclosure and the Order Confirming the Sale.

15.     In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, Defendants made parties to the foreclosure in accordance with statutory provisions, and all non record claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming, by, through or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged Real Estate. Upon the conduct of a sale pursuant to this Order, a Certificate of Sale shall issue in favor of the successful bidder at such sale upon the posting of the full bid amount with the officer conducting such sale. Upon entry of an Order confirming the sale conducted pursuant to this Order, a deed shall be issued to the holder of the Certificate of Sale and the grantee named in the deed shall be let into possession of the mortgaged Real Estate in accordance with statutory provisions applicable to post-sale possession or further order of this Court. Only an "owner of redemption" pursuant to 735 ILCS 5/15-1212 and 735 ILCS 5/15-1603(a) may redeem from this foreclosure, and such owner of redemption may

redeem only during the statutory redemption period which shall expire three months from the date of entry of this Judgment.

16. Upon expiration of the redemption period, the Real Estate shall be sold at public sale in accordance with statutory provisions.

   a. The sale shall be conducted by the United States Marshal or Special Commissioner appointed as a Judicial Sale Officer (if a Sale Officer shall be appointed; for purposes of this Order, the term "Sale Officer" shall mean and refer to the person conducting the sale of the Real Estate) as shall be ordered at such time and place designated by the Sale Officer and shall be conducted by public auction by open verbal bid, unless otherwise ordered by this Court.

   b. Notice of Sale. Plaintiff or the Sale Officer shall give public notice of the sale, which notice shall include the information required by 735 ILCS 5\15-1507(c), but other information, notices, and advertising in addition to these requirements may be given or published by various mediums in the discretion of the person conducting the sale; provided, however, the manner in which any additional costs are to be paid shall have been approved by this Court. An immaterial error in the information contained in the notice of sale shall not invalidate the legal effect of the notice.

   c. Notice shall also be given to all parties in the action who have appeared as required by 735 ILCS 5\15-1507(c)(3) and a copy thereof shall be filed in the office of the Clerk of this Court, together with proof of service.

17. Upon the sale of mortgaged Real Estate, the Sale Officer shall: (I) execute and

deliver to the purchaser at such time as all funds have been received a Certificate of Sale in recordable form, and (ii) file a Report of Sale with the Clerk of this Court specifying the amount of proceeds of sale realized and the disposition thereof. Upon or after entry of an order confirming the sale, the Sale Officer or the Court shall execute a deed to the holder of the Certificate of Sale sufficient to convey title to such real estate and such conveyance shall be an entire bar of: (I) all claims of parties to the foreclosure; and (ii) all claims of any Non-Record claimant who is given notice of the foreclosure as provided by statute.

18.     The proceeds resulting from the sale ordered herein shall be applied in the following order:

a.      the reasonable expenses of sale;

b.      the reasonable expenses of securing possession before sale, holding, maintaining and preparing the Real Estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, management fees, and, to the extend provided for in the mortgage of other recorded agreement and not prohibited by law, fees, payments made pursuant to 735 ILCS 5\15-1505 and other legal expenses incurred by the mortgagee;

c.      satisfaction of claims in the order of priority adjudicated in this judgment of foreclosure;

d.      remittance of any surplus to the mortgagor or as otherwise directed by the court; and

e.      if the money arising from said sale shall be insufficient to pay the amounts due to Plaintiff with interest and the costs and expenses of sale, the Sale Officer shall specify the amount of such deficiency in the report of sale, and a judgment shall be entered therefore against the appropriate persons, if appropriate.

19.     The Real Estate is commercial non-homestead property. Accordingly, Defendants are barred from claiming any right to homestead or other exemptions in said Real Estate.

20.     Until such time as an order confirming the sale shall be entered, the Court hereby retains jurisdiction of the subject matter of this cause and of all the parties hereto for the purpose of enforcing and modifying this Judgment upon proper motion of the parties for inclusion in the judgment amount of additional costs and fees incurred in connection with the sale. A copy of this Order shall be mailed pursuant to 735 ILCS 5/2-1302.

**IT IS SO ORDERED.**

DATED: 08/04/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge